SEIDMAN & PINCUS, LLC
ATTORNEYS AT LAW
777 TERRACE AVENUE, FIFTH FLOOR
HASBROUCK HEIGHTS, NEW JERSEY 07604
(201) 473-0047 FAX: (201) 288-7009

MEMBERS:
MITCHELL B. SEIDMAN*
E-MAIL: ms@seidmanllc.com
ANDREW J. PINCUS*
E-MAIL: ap@seidmanllc.com

OF COUNSEL:
REENA FORST+
E-MAIL: rf@seidmanllc.com
PHYLLIS BARKER°
E-MAIL: pb@seidmanllc.com

ADMISSION:
* MEMBER OF NJ & NY BAR
+ MEMBER OF NJ, NY & DC BAR
° MEMBER OF NJ & CA BAR

January 5, 2011

**VIA E-FILING**
Magistrate Judge Esther Salas
Martin Luther King Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

**Re: Susan Latronica *et al.* vs. Royal Caribbean Cruises, Ltd. *et al.***
**Civil Action No. 2:09-cv-06148-PGS-ES**

Dear Magistrate Judge Salas:

Please recall that we represent the Plaintiffs in this case. A status conference call is set to take place before Your Honor on January 14, 2011 at 10:00 a.m. We write (i) in preparation for that status conference call regarding issues we believe need to be addressed during the call, and (ii) for permission to file the motion more fully detailed below. We understand that pursuant to Your Honor's May 6, 2010 Pretrial Scheduling Order no motions are to be filed without Your Honor's written permission and, as such, we are hereby requesting permission to file the motion described herein.

By way of background, please recall that this is the products liability action which Plaintiffs brought when the Plaintiff Susan Latronica was electrocuted by a hair dryer provided by the Royal Caribbean Defendants in her cabin on their ship during a Caribbean cruise Susan Latronica was on with her husband, the Co-Plaintiff Michael Latronica (who has loss of consortium type claims in this case). Your Honor will also recall that immediately upon being electrocuted the Plaintiffs went to the ship's doctor for medical attention, and then to ship personnel to report the incident. When they returned to their cabin the hair dryer was gone such that as of the filing of this case Plaintiffs did not have the make or model of the subject hair dryer, and did not know who the manufacturer and distributor of same was. Therefore, the only Defendants who Plaintiffs could identify by their true names in their original complaint was the Defendant who provided the hair dryer to the consumer for use, the Royal Caribbean Defendants who sponsored the cruise in this matter. The manufacturer and distributor Defendants had to be identified as John Doe Defendants by way of fictitious party practice. Please also recall that during discovery in this case the Royal Caribbean Defendants have confirmed that the subject hair dryer has been lost, stolen, or destroyed, and is therefore no longer available for use in this matter.

Please further recall that as part of discovery in this case the Royal Caribbean Defendants identified the distributor who sold/distributed the hair dryer to Royal Caribbean as being Jerdon Products, LLC. Upon receiving this information Plaintiffs first amended their complaint to name Jerdon Products, LLC as the distributor Defendant. Thereafter, upon conducting further discovery, Jerdon Products, LLC identified Elec-Tech International Co., Inc. as the manufacturer from whom Jerdon Products, LLC purchased the subject hair dryer. Upon receiving this information Plaintiffs amended their complaint a second time to name Elec-Tech International Co., Inc. as the manufacturer Defendant.

Thereafter Elec-Tech International Co., Inc. answered the complaint and asserted that it was not the manufacturer of the subject hair dryer. Discovery then had to be conducted of both Elec-Tech International Co., Inc. and Jerdon Products, LLC as to whether Elec-Tech International Co., Inc. was or was not the manufacturer and, if not, who the true manufacturer was. Upon conducting this discovery Jerdon Products, LLC advised that it had incorrectly identified Elec-Tech International Co., Inc. as the manufacturer, and that the real manufacturer was Oriental Universe located in Hong Kong. Thereafter Plaintiffs amended their complaint a third time to name Oriental Universe as the manufacturer Defendant. A summons was issued and Plaintiffs believe they have effected service on Oriental Universe in Hong Kong.

Oriental Universe's time to answer expired on or about November 9, 2010. We received no answer or other response from Oriental Universe even though we believe we have effected good service on Oriental Universe in Hong Kong (we have proof of receipt of the summons and amended complaint by Oriental Universe). With their being an absence of a response of any type from Oriental Universe, we contacted counsel for Jerdon Products, LLC to see if her client could contact Oriental Universe to confirm that it had received the summons and amended complaint, and to determine whether Oriental Universe intended to appear in this case or default. We contacted counsel for Jerdon Products, LLC as such because Jerdon Products, LLC, as the distributor, is the party to this case who has day to day business dealings with Oriental Universe, might know who to contact at Oriental Universe relative to this matter, and as a result might be able to provide information concerning whether Oriental Universe intended to appear or default. To date we have not received a response from counsel for Jerdon Products, LLC as to whether Jerdon Products, LLC has had any success in contacting Oriental Universe in this regard.

Against this background we take this opportunity to address with Your Honor (i) the issues which we believe need to be discussed during next Friday's status conference call, and (ii) the motion which we are requesting permission to file herein.

Regarding the issues we believe need to be addressed during the upcoming status conference call, we advise Your Honor that we believe the parties have completed all discovery/pre-trial proceedings which can be completed without the manufacturer Defendant in this case. Rule 16 disclosure work is complete. Written discovery work is complete. Plaintiffs' damages report has been served. It would not have been practical, however, to conduct any depositions before knowing whether the manufacturer Defendant intends to appear in the case. Obviously, Oriental Universe would have the right to participate in any depositions, such that any depositions taken before it is known whether Oriental Universe will or will not appear might have to be repeated if Oriental Universe subsequently appeared in the case. In addition, Plaintiffs cannot prepare their liability expert report without the manufacturer Defendant in the case since Plaintiffs need discovery of the manufacturer to be used in connection with work on their liability report. Or, in the alternative, if the manufacturer Defendant is not going to appear in this case then, in that event, Plaintiffs need to change direction and have their liability expert report prepared along completely different lines.

Based upon the foregoing, we believe that the primary issues which need to be addressed in connection with the upcoming status conference call are the appearance/non appearance of the manufacturer Defendant Oriental Universe, scheduling depositions going forward, and scheduling liability expert work going forward.

With respect to the motion we wish to bring, because Oriental Universe is a foreign Defendant located in Hong Kong, rather than simply having default entered by the Clerk of the Court, we wish to make a formal motion to the Court, on notice to all Defendants including Oriental Universe, to have default entered against it by way of formal motion. By seeking to have default entered against Oriental Universe by way of formal motion (rather than simply by the Clerk of the Court), with our motion papers being served in Oriental Universe, said Oriental Universe and the other Defendants will have been given notice and an opportunity to be heard with respect to Plaintiffs' belief that Oriental Universe was properly served in Hong Kong, such that it is appropriate for default to be entered against it. It would also give the Court the opportunity to review our proofs of service in this regard.

Moreover, on our contemplated motion, should any Defendant object to the efficacy of our service of process, or should the Court find that our service may not be technically compliant with the law (even though we believe Oriental Universe actually received the summons and amended complaint) then, in that event, we could move in the alternative for an extension of the 120 days provided by F.R.Civ. P. 4 within which this Defendant would otherwise have to be served. In sum, the point is that considering the history and circumstances of this case, including who the correct manufacturing Defendant is and the location of that alleged correct manufacturer in Hong Kong, we believe it appropriate for the Court and all counsel/parties to review our proofs of service

to determine the efficacy thereof. To the contrary, if we were to simply submit our proof of service and request for default the Clerk of the Court then, in that event, the risk exits that somewhere down the line someone could object to the efficacy of our service, thereby tainting the pre trial work which will have been conducted in the interim. Moreover, to the extent there is some objection or issue with the efficacy of our service on Oriental Universe, then proceeding by way of motion practice will give the Court and the parties the opportunity to address how to proceed including, but not limited to, whether it would be appropriate to extend the 120 days under F.R. Civ.P. 4 to effect service on this Defendant.

We trust that the foregoing will be helpful to Your Honor in preparing for the upcoming status conference all. During that conference call we ask that Your Honor grant our request to file the motion described above. To be specific, the subject motion would be (i) to have default entered against Oriental Universe or, in the alternative, (ii) for an extension of the 120 days to serve Oriental Universe. We look forward to addressing these issues with Your Honor during next Friday's status conference call. Thank you.

Respectfully yours,

Mitchell B. Seidman

MBS/tf

cc: Gordon S. Arnott, Esq. (via email and e-filing)
Deirdre Dennis, Esq. (via email and e-filing)