# SEIDMAN & PINCUS, LLC

ATTORNEYS AT LAW

777 TERRACE AVENUE, FIFTH FLOOR
HASBROUCK HEIGHTS, NEW JERSEY 07604
(201) 473-0047   FAX: (201) 288-7009

MEMBERS:
MITCHELL B. SEIDMAN*
E-MAIL: ms@seidmanllc.com
ANDREW J. PINCUS*
E-MAIL: ap@seidmanllc.com

OF COUNSEL:
REENA FORST⁺
E-MAIL: rf@seidmanllc.com
PHYLLIS BARKER°
E-MAIL: pb@seidmanllc.com

ADMISSION:
\* MEMBER OF NJ & NY BAR
+ MEMBER OF NJ, NY & DC BAR
° MEMBER OF NJ & CA BAR

April 14, 2011

**VIA E-FILING**

Magistrate Judge Esther Salas
Martin Luther King Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

   Re: **Susan Latronica *et al.* vs. Royal Caribbean Cruises, Ltd. *et al.***
      **Civil Action No. 2:09-cv-06148-PGS-ES**

Dear Magistrate Judge Salas:

  As Your Honor knows, we represent the Plaintiffs in this case. We write to update Your Honor on the status of this matter in preparation for tomorrow's 12:30 p.m. conference call. During tomorrow's call we will specifically ask Your Honor:

1. To reconsider the ruling Your Honor made during the last conference call that Your Honor would not postpone deposition and expert work until after the manufacturer defendant appears in the case and, on reconsideration, we will ask Your Honor to in fact postpone deposition and expert work until after the manufacturer defendant appears; or, in the alternative

2. If Your Honor denies our foregoing reconsideration request, then will ask for an extension of time to conduct deposition and expert work in this case, the length of the extension being dependent upon when the Royal Caribbean Defendants can produce their witnesses for depositions in that, as is detailed further below, their witnesses/employees are on vessels traveling all over the world, who do not reside in the United States, and therefore can only be conveniently deposed when they happen to dock in New York, New Jersey, or Florida.

  We update Your Honor on the status of this case and provide the basis for our requests #1 and #2 above as follows.

  By way of background, Your Honor will recall that this is the products liability action which Plaintiffs brought when the Plaintiff Susan Latronica was electrocuted by a

**SEIDMAN & PINCUS, LLC**

**Magistrate Judge Esther Salas**
April 14, 2011
Page 2

hair dryer provided by the Royal Caribbean Defendants in her cabin on their ship during a Caribbean cruise Susan Latronica was on with her husband, the Co-Plaintiff Michael Latronica (who has loss of consortium type claims in this case). Your Honor will also recall that immediately upon being electrocuted the Plaintiffs went to the ship's doctor for medical attention, and then to ship personnel to report the incident. When they returned to their cabin the hair dryer was gone such that as of the filing of this case Plaintiffs did not have the make or model of the subject hair dryer, and did not know who the manufacturer and distributor of same was. Therefore, the only Defendants who Plaintiffs could identify by their true names in their original complaint was the Defendant who provided the hair dryer to the consumer for use, the Royal Caribbean Defendants who sponsored the cruise in this matter. The manufacturer and distributor Defendants had to be identified as John Doe Defendants by way of fictitious party practice. Please also recall that during discovery in this case the Royal Caribbean Defendants have confirmed that the subject hair dryer has been lost, stolen, or destroyed, and is therefore no longer available for use in this matter.

Please further recall that as part of discovery in this case the Royal Caribbean Defendants identified the distributor who sold/distributed the hair dryer to Royal Caribbean as being Jerdon Products, LLC ("Jerdon"). Upon receiving this information Plaintiffs first amended their complaint to name Jerdon as the distributor Defendant. Thereafter, upon conducting further discovery, Jerdon identified Elec-Tech International Co., Inc. ("Elec-Tech") as the manufacturer from whom Jerdon purchased the subject hair dryer. Upon receiving this information Plaintiffs amended their complaint a second time to name Elec-Tech as the manufacturer Defendant.

Thereafter Elec-Tech answered the complaint and asserted that it was not the manufacturer of the subject hair dryer. Discovery then had to be conducted of both Elec-Tech and Jerdon as to whether Elec-Tech was or was not the manufacturer and, if not, who the true manufacturer was. Upon conducting this discovery Jerdon advised that it had incorrectly identified Elec-Tech as the manufacturer, and that the real manufacturer was Oriental Universe located in Hong Kong. Thereafter Plaintiffs amended their complaint a third time to name Oriental Universe as the manufacturer Defendant. A summons was issued and, although Plaintiffs believed they effected good service on Oriental Universe in Hong Kong by methods other than through the Hague Convention, during the last conference call it was determined that Plaintiffs should effect service on Oriental Universe by way of Hague Convention and an Order was entered to that effect.

Since the last conference call we have focused our efforts on attempting to effect service on the manufacturer defendant Oriental Universe in Hong Kong. Our work is complete in the sense that our office has completed all the tasks required of it towards effecting service, such that we are now simply awaiting word from The Ministry of Judicial Assistance concerning when service will be attempted and effected. We have

**SEIDMAN & PINCUS, LLC**

Magistrate Judge Esther Salas
April 14, 2011
Page 3

been advised that this could take an additional approximate eight months. We detail for Your Honor the efforts we have undertaken since our last conference call as follows:

- Consistent with the Order Your Honor entered after the last conference call, we proceeded with service efforts on Oriental Universe in Hong Kong under the Hague Convention;

- We initially determined that the United States and Hong Kong are both signatories to the Convention on the Service Abroad of Judicial and Extra-judicial Documents in Civil or Commercial Matters, Done at the Hague, November 15, 1965, (Hague Service Convention);

- In accordance with Federal Rule 4(f) and (h) service outside the United States shall be made "by any internationally agreed means authorized by the Hague Convention";

- Hong Kong has designated The Ministry of Judicial Assistance as the entity authorized to receive and effect the service of judicial documents in Hong Kong;

- We had the summons and amended complaint in this case translated into Mandarin Chinese for service in Hong Kong;

- We then had the summons and amended complaint forwarded to The Ministry of Judicial Assistance in Hong Kong for service on Oriental Universe;

- From our follow up efforts to obtain information about the status of service since transmitting the summons and amended complaint to The Ministry of Judicial Assistance we have learned the following:

    (i)     That no signatory nation is obligated under the Hague Service Convention to provide status with respect to service of documents in its possession,

    (ii)    That the Hague Service Convention does not impose an obligatory timeframe without which service must be completed, but that,

    (iii)   The turnaround time for effected service in Hong Kong under the Hague Service Convention generally ranges around eight to ten months; and

**SEIDMAN & PINCUS, LLC**

Magistrate Judge Esther Salas
April 14, 2011
Page 4

- To date we have not been advised by The Ministry of Judicial Assistance that service has been completed upon Oriental Universe.

As set forth above, the focus of our efforts since the last conference call has been to effect service on Oriental Universe under the Hague Convention. Our work is now complete in that all of the tasks we needed to perform have been completed. All that remains is for us to wait the approximate eight months we are told it may take to obtain the outcome of our service efforts.

With respect to the status of discovery, written discovery between the existing parties to this case is complete. Supplemental document productions which were due from Jerdon were received.

Regarding depositions, same have or are in the process of being scheduled, but none have been conducted. Plaintiffs' depositions have been scheduled and are set for May 6, 2011 subject to our request #1 above that Your Honor reconsider requiring the existing parties to this case to conduct depositions now, before Oriental Universe is in the case. From Plaintiffs' perspective we request reconsideration and a postponement of the depositions so that the Plaintiffs do not have to sit through being deposed two times. We presume that if Your Honor requires them to be deposed now, and if Oriental Universe later requests Plaintiffs' depositions, that Your Honor will give serious consideration to Oriental Universe's request to defend itself by conducting its own depositions of Plaintiffs (although we advise Your Honor now that we intend to strenuously object to having our clients put through depositions a second time, having to relive their experiences that underlie this case).

From Defendants' perspective, although we leave it to Defendants to advise Your Honor as to their position, at least as to the Royal Caribbean Defendants, we have noticed their depositions under Rule 30(b)(6) and commenced efforts to schedule same. We understand that their witnesses, however, are not citizens of the United States, do not reside in the United States, are seamen upon vessels traveling all over the world, such that they cannot be easily and conveniently deposed. As we understand it there may be approximately five to ten different people Royal Caribbean may need to designate to produce for depositions in this matter. As we understand it all of them may dock in New York, New Jersey, or Florida at one time or another. It is inconvenient enough having to schedule the depositions of these people one time, no less two times if Oriental Universe requests their depositions later on.

As for Defendant Jerdon, today we served a Rule 30(b)(6) deposition notice on it, to designate witnesses covering eight areas we need to depose Jerdon on in this case.

**SEIDMAN & PINCUS, LLC**

**Magistrate Judge Esther Salas**
April 14, 2011
Page 5

      Considering the foregoing, we ask that Your Honor reconsider Your Honor's earlier ruling that deposition and expert work go forward in this case before Oriental Universe appears. (As to expert work, same cannot be conducted until fact discovery is complete). To the extent Your Honor denies our reconsideration request then, in the alternative, we request an extension of time to conduct fact and expert discovery, the amount of the extension being dependent upon how long it will take Royal Caribbean to produce its approximate five to ten witnesses in New York, New Jersey, or Florida.

      We look forward to conducting tomorrow's conference call with Your Honor relative to this matter. Thank you.

Respectfully yours,

Mitchell B. Seidman

MBS/tf
cc: Deirdre Dennis, Esq. (via email and e-filing)
     Gordon Arnott, Esq. (via email and e-filing)

S:\Latronica, Susan\Ltr to Judge Salas 4-14-11.docx